UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS TOOLEY,<br>an individual,<br><br>   Plaintiff,<br><br>vs.<br><br>CHRISTIE ASSOCIATES INC,<br>an Indiana Corporation,<br><br>   Defendant. | CASE NO.: 1:18-cv-00296 |

# COMPLAINT

Plaintiff, DENNIS TOOLEY, through his undersigned counsel, hereby files this Complaint and sues CHRISTIE ASSOCIATES INC, an Indiana Corporation, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3.  Plaintiff, DENNIS TOOLEY (hereinafter referred to as "MR. TOOLEY"), is a resident of the State of Indiana in Johnson County.

4. Plaintiff, MR. TOOLEY, is a qualified individual with a disability under the ADA. MR. TOOLEY suffers from Multiple Sclerosis, which causes severe nerve damage and affects his ability to walk and stand.

5. Due to his disability, Plaintiff MR. TOOLEY is substantially impaired in several major life activities and requires the use of mobility aids including a wheelchair, walker and/or a cane depending on his level of pain and fatigue on a daily basis.[1]

6. Defendant, CHRISTIE ASSOCIATES INC, (hereinafter referred to as "CHRISTIE" or "Defendant"), is an Indiana Corporation registered to do business in the State of Indiana. Upon information and belief, Defendant is the owner, lessee, and/or operator of the real properties and improvements, which are the subjects of this action, to wit: the "Properties" known as building housing IHOP and Outback Steakhouse, generally located at 7521 S US 31, Indianapolis, IN 46227 and 7525 S US 31, Indianapolis, IN 46227 respectively. Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Southern District of Indiana.

### COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Properties, which include two chain restaurants, are open to the public and provide goods and services to the public.

---

[1] Mr. Tooley is capable of walking short distances without assistance on good days.

10. Plaintiff MR. TOOLEY has visited the Properties numerous times over the past year and attempted to utilize the goods and services offered at the Properties. MR. TOOLEY plans to return to the Properties in the near future.

11. While at the Properties, MR. TOOLEY experienced serious difficulty accessing the goods and utilizing the services due to the architectural barriers discussed herein.

12. MR. TOOLEY continues to desire to visit the Properties, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist. Furthermore, but for the barriers to access described herein, Plaintiff would visit the Properties more often.

13. Defendant is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.302 et seq. and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct, the architectural barriers to access below, which were personally encountered by and hindered Plaintiff's access to the Properties:

IHOP Section:

    A. Plaintiff encountered inaccessible parking spaces designated for disabled use due to built-up curb ramps protruding into the parking spaces and their access aisles.

    B. Plaintiff encountered inaccessible parking spaces designated for disabled use due to inadequately narrow dimensions on one of the spaces due to the encroachment of the adjacent gutter and excessive slopes.

      C.      Plaintiff encountered inaccessible parking spaces designated for disabled use due to lack of accessible signage to designate one of the spaces exclusively for disabled use.

      D.      Plaintiff encountered inaccessible restrooms due to improperly high placement of the sink mirror, the paper towel dispenser and a lack of pipe insulation under the sink.

Outback Section:

      A.      Plaintiff encountered inaccessible parking spaces designated for disabled use due to excessive slopes.

      B.      Plaintiff encountered inaccessible parking spaces designated for disabled use due to lack of accessible signage.

14. Plaintiff has visited the entire public premises described herein and encountered numerous barriers throughout. The barriers described above represent a sample of said barriers to access. Only after a full inspection is performed by an expert can all barriers be readily identified and catalogued.

15. Independent of his intent to return as a patron to the Properties, Plaintiff additionally intends to return to the Properties as an ADA tester to determine whether the barriers to access stated herein have been remedied.

16. Removal of the barriers to access located on the Properties is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

17. Removal of the barriers to access located on the Properties would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendant, and requests the following injunctive and declaratory relief:

A. That the Court declares that the Properties owned, leased and/or operated by Defendant is in violation of the ADA;

B. That the Court enter an Order directing Defendant to alter its facility to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated: February 1, 2018.

Respectfully Submitted,

By: *Louis I. Mussman*            .

Louis I. Mussman, Esq.
Bar No. 597155
Ku & Mussman, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (305) 891-4512
Louis@KuMussman.com

and

Eric C. Bohnet, Esq.
Attorney No. 24761-84
Attorney at Law
6617 Southern Cross Drive
Indianapolis, Indiana  46237
Tel: (317) 750-8503
ebohnet@gmail.com